# In The United States District Court For The Middle District Of Alabama

Jeffery Keshon Sanders, AIS #333946,
    Plaintiff,
        V.
Warden I, Jim Crowe
Warden II, Katrina Brown
Warden III, Pamela Harris
Wendy Williams, Inspections & Investigations, Alabama Dept. of Corrections
Alabama Department of Corrections, et. al.
    Defendants

## Arguments And Facts To Support Ground #1 Allegations

The plaintiff, Jeffery Sanders avers that on or around 6-11-2024 while an inmate at Elmore Correctional Facility, he was falsely accused by the defendants of being a gang leader that had ordered "hits" or physical assaults on other inmates at that prison. These accusations seem to come from an anonymous phone call that was supposedly made to the I&I division of the Alabama Dept. of Corrections (hereinafter reffered to as ADOC). After this anonymous call to the I&I division of ADOC, the plaintiff was immediately transferred from Elmore CF by prison officials without any explanation from the defendants about why he was being transferred to another prison facility. The defendants gave no basis or facts to the plaintiff other than "you are a security risk" to justify his transfer to the segregation unit at Kilby CF and also

pg 1

gave no facts or basis of why he was being labeled as a gang leader who ordered physical assaults on other inmates. This labeling put the plaintiff's safety and security in jepordy even though these were unfounded and unproven accusations. In PARKS V. WINNEBAGO COUNTY, the U.S. Supreme Court stated "While prisons are places of harsh disciplinary treatment and difficult situations", it is inherent that when a state or other government agency incarcerates a person, "they have the absolute responsibility to insure that persons safety and security to the best of their ability". "Failing to do so violates the 8TH amendment of the U.S. Constitution against cruel and unusal punishment. In the case at bar, prison officials placed the petitioner's safety and security in immediate danger by labeling the petitioner a gang leader whom had ordered hits or physical assaults on other inmates. The U.S. Supreme Court's opinion in CARROLL V. STATE, 250 So 2d @ 469-477 (U.S. Supreme Court 1994) stated " that when prison officials willingly allow an inmates safety and security to be compromised", then those officials become liable for any consequences the inmate suffers, whether it be physically, mentally or otherwise due to the prison officials negligence.

The petitioner's 8TH Amendment rights guaranteed by this amendment, as well as petitioner's right to Due Process of the Law that are guaranteed by the 5TH and 14TH amendments to the U.S. Constitution when prison officials labled him as a gang leader whom had supposedly ordered physical assaults on other inmates without any investigation that would establish a basis and facts for these allegations and cause the petitioner to

Pg. 2

be transferred to another facility immediately and placed in segregation at that facility (Kilby CF) without the proper paperwork and documents that are necessary pursuant to ADOC classification guidelines to place an inmate in the segregation unit, even for investigative purposes. Those guidelines specify that before an inmate can be placed in the segregation unit for investigative purposes, there has to proper and detailed documentation of the reason or reasons for placing the inmate in the segregation unit, and these documents should be available inside the "cube" that operates the segregation unit. For 5 weeks, the petitioner sat in the segregation unit without any knowledge of why he had been placed there and was subjected to the harsh conditions of the segregation unit without cause. In the 5th week of his stay in segregation, the petitioner was finally told by Captain Clayto Jenkins that he had contacted the I+I investigator and Warden             at Elmore CF and both stated that they could find no documents or records that justified the petitioner being held in the segregation unit. Therefore, for the reasons stated above, the petitioner has established legal grounds for this court to grant him relief on ground #1.

### ARGUMENTS AND FACTS TO SUPPORT #2 ALLEGATIONS

This argument is for the purpose of establishing that the petitioner was falsely imprisoned in the segregation unit at Kilby CF for 5 weeks without any investigation by prison officials and without the proper documentation required by the ADOC

pg.3

officials classification guidelines that setforth the proper proceedure for placing an inmate in the segregation unit for investigative purposes. These guidelines call for a detailed report stating the facts, the source of those facts or even allegations of why the inmate is being held in the segregation unit and must include the basis for the investigation. These guidelines also suggest that any investigation of an inmate should be concluded within 72 hours unless more time is needed and the inmate is informed that his segregation time is being extended because more time is needed for investigation of the allegations against them. In the case at bar, the petitioner was never shown, given or told why he was being placed in the segregation unit, only that he was under some type of investigation. In Gittens v. New York, 504 N.Y.S. 2d 969 (Ct. Cl. 1986), A New York court held the plaintiff had a claim for false imprisonment because he was held in SHU for nine days beyond the last day of the penalty imposed, and the only reason given was "investigation". In the case at bar, no penalty was imposed on the plaintiff as far as for disciplinary reasons, the plaintiff was "just" placed in the segregation unit at Kilby CF for "investigation" after being transferred from Elmore CF on 6-11-2024, all done without the proper documentation required pursuant to ADOC classification guidelines or the petitioner being made aware of why he was being investigated, what he was being investigated for and how long the investigation would last. Petitioner had no access to phone to call his family, had no access to any legal materials that may have helped him to

Pg 4

get out of the segregation unit, was subjected to high temperatures, limited living space, limited food and the very stressful effects of being housed in the segregation unit without knowing why he was there. There are four elements to a false imprisonment claim (1) The defendant intended to confine you, which it is clear the defendants intended to confine the plaintiff, (2) you were aware of the confinement, which plaintiff was (3) You did not consent to the confinement, plaintiff did not, and (4) The confinement was not otherwise priviledged, which it was not. The record is silent on why the plaintiff was placed in the segregation unit for 5 weeks, which is way beyond the 72 hours suggested in the ADOC guidelines for an investigation to be completed. These actions by the defendants are in direct violation of the petitioner's right to be protected from cruel and unusual punishment guaranteed by the 8TH amendment to the U.S. Constitution, therefore, the plaintiff has established a legal basis for him to be granted relief for ground #2.

# Arguments And Facts To Support
## #3 Allegations

The petitioner avers that as a result of his being falsely imprisoned in the segregation unit at Kilby CF by the defendants, he has suffered severe mentally. Petitioner has continued to suffer from severe bouts of depression and anxiety as a result of being placed in the segregation unit for 5 weeks without anyone of the defendants setting forth the justification or basis of being placed and confined in the segregation unit. From day one of his placement in the segregation unit, the plaintiff questioned to "Seg Board" about why he was being confined to the Segregation Unit and about why nobody, as far as prison officials had explained to him about the alleged allegations that he was being held in the segregation unit for investigation. The plaintiff also started letting the mental health staff that accompanied the "Seg Board" know that he was experiencing severe mental stress and anxiety due to being confined in the segregation without knowing why he was in there, not being allowed to make an initial phone call to his family before being placed in the segregation unit, which violates ADOC Standard Operating Procedure (SOP) and guidelines concerning the placement of inmates into the Segregation Unit. The petitioner's mental stress, depression and anxiety was also exerbated by the fact that he was not allowed to use the phone to call his family but one (1) time during his 5 week confinement in the "Seg Unit" and this was after a week or two of his confinement in that unit, the petitioner being "stripped" of all his priviledges as far as

Pg. 6

as being able to catch a full store draw of $100.00 that inmates in general population are allowed to draw, only being able to draw a $50.00 store each week while in the "Seg Unit at Kilby. Petitioner was not allowed to catch the snackline, had basically no phone priviledges, no visitation priviledges, was unable to exercise freely and regularly, and was unable to attend any religious services of his choice. These are priviledges that inmates in general population are afforded on a regular basis. The petitioner was confined in a small cell in the "Seg Unit" for 23 hrs. and sometimes 24 hrs. a day everday for 5 weeks where the tempertures regularly were around or above the 100 degree mark. The petitioner's stress, depression and anxiety increased daily because of the defendants failure to duly inform him of the exact nature of the allegations that were supposedly the cause of his being placed in the "Seg Unit." The petitioner had no way of trying to defend himself against these so-called allegations because the defendants failed to inform him of the details of these supposed allegations. These actions went on for 5 weeks untill finally Captian Clayts Jenkins came around with the "Seg Board" and told the petitioner he would investigate why the petitioner was being held in the "SegUnit" for investigative purposes after 5 weeks. Captian Jenkins begin to make inquires to the investigators of the I&I unit of the ADOC and also contacted Warden III, Pamela Harris at Elmore CF about the details of why the petitioner was placed in the "SegUnit" at Kilby CF and why had he been confined in that unit for 5 weeks.

Captian Jenkins was told by the I&I investigators and Warden III Pamela Harris that neither of them knew of any reasons

PG 7

about why the petitioner was placed in the "Seg Unit" when transferred to Kilby CF from Elmore CF. The investigators and Warden Harris stated that neither of them had ordered that the petitioner be placed in the "Seg Unit" at Kilby or any other facility, and both stated they were unaware of any investigation that was ongoing that pertained to the petitioner. The defendants have shown a deliberate indifference to the petitioner's situation in this matter, the defendants failed to protect the petitioner's rights against cruel and unusual punishment guaranteed by the 8th amendment to the U.S. Constitution when they falsely imprisoned and confined him in a Segregation Unit cell for 23 or 24 hours a day, subjecting him to cruel, harsh and unusual punishment without any justification for doing so. See Supra Winnebago and Gittens v. New York, 504 N.Y. S.2d 969 (Ct.Cl. 1986). The defendants were clear on their intention to confine the defendant in the "Seg Unit" even though there was no record or documentation as required by ADOC SOP to justify the petitioner's confinement to the "Seg Unit" The petitioner did not consent to this confinement which lasted for 5 weeks. The defendants also failed to ensure that the petitioner's Due Process of The Law rights guaranteed by the 5th and 14th amendments to the U.S. Constitution were protected in this matter. The petitioner was only told about an anonymous phone call to the defendant's stating that the petitioner was a leader of a gang who was ordering "hits" or physical assaults on other inmates at Elmore CF. This anonymous caller would not identify themselves and caller ID only showed "Private Caller's". Officer's at Elmore CF then told the petitioner he was being transferred from Elmore CF

Pg. 8

immediately, petitioner was taken out of his assigned dorm at Elmore CF and his property was packed up by correctional officer's and he was then transferred to Kilby CF and confined to the "Seg Unit" without any further discussion or documents that explained his being placed in the "Seg Unit" at Kilby CF. There are Due Rights of The Law attached to certain situations that must be adhered to, one of those situations is when an inmate is being placed in the "Seg Unit". Proper documentation and justification that shows a basis for this confinement must be made available to the inmate and prison officials at the institution where the inmate was to be confined in the "Seg Unit". See Gittens v. New York S. 2d 969 (Ct. Cl 1986)

The petitioner also claims that because purposefully outrageous act of the defendants, he became very upset and suffered mental stress, depression and anxiety due to the defendants actions in this matter that would be considered as outrageous by any reasonable jurist and avers that the defendants are guilty of causing him Intentional Infliction of Emotional Distress (IIED) See Sonchmdt (Schimdt) v. Odell, 64 F. Supp. 2d 1014 (D. Kan 1999).

The petitioner avers that he has set forth legal facts that clearly show that he is due the relief sought for ground #3 Respectfully Submitted On This The 13TH Day of August 2024.

Respectfully Submitted By:
Jeffery Sanders
Jeffery K. Sanders - Pro Se
AIS #333946/ Kilby CF
P.O. Box 150 Mt. Meigs, Al 36057

Pg. 9